# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NICOLE BROWN,

        Plaintiff(s),

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,

        Defendant(s).

2:12-CV-1522 JCM (VCF)

**ORDER**

Presently before the court is defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion for summary judgment. (Doc. # 26). Plaintiff Nicole Brown ("plaintiff") has filed a response (doc. # 31) and defendant has filed a reply (doc. # 33).

**I.  Background**

The instant case arises out of an automobile accident that occurred on May 1, 2010, from which plaintiff sustained injuries. Plaintiff was the front seat passenger in her boyfriend's vehicle when it was rear-ended by a third-party. At the time of the accident, plaintiff had underinsured motorist ("UIM") coverage under a State Farm issued auto policy ("policy"). The policy was subject to limits of $25,000 "each person" and plaintiff had $75,000 in offsets. (Doc. # 26, Exhibit B). Importantly, the policy requires plaintiff to cooperate with State Farm in securing and giving evidence and precludes her from suing State Farm until she has fully cooperated.

**James C. Mahan**
**U.S. District Judge**

On April 27, 2011, State Farm sent plaintiff's counsel a request for medical authorization, medical provider list, and injury questionnaire regarding her potential UIM claim. (Doc. # 26, Exhibit C). These documents were not returned. On August 10, 2011, State Farm sent another request for those documents to plaintiff's present counsel at Harris Law Firm. (Doc. # 26, Exhibit D). Again, these documents were not returned.

On November 14, 2011, plaintiff sent State Farm a demand for her $25,000 UIM policy limits, enclosing medical records and bills relevant to her claim. (Doc. # 26, Exhibit E).

On December 12, 2011, State Farm concluded that, based on the documents plaintiff provided, her injuries did not have a value that exceeded the applicable offsets of $75,000. State Farm invited plaintiff to provide any additional information she wished State Farm to consider. (Doc. # 26, Exhibit F). On January 11, 2012, and March 5, 2012, State Farm renewed its request for additional information. (Doc. # 26, Exhibits G and H).

On April 19, 2012, plaintiff provided State Farm with additional documentation from Dr. Cash of the Desert Institute of Spine Care, stating that she was a candidate for future treatment, amounting to $128,160. (Doc. # 26, Exhibit I). On April 25, 2012, State Farm responded that it was unable to consider future costs in its evaluation of her claim and reinforced its position that it did not find value for plaintiff's injuries exceeding the $75,000 offsets. (Doc. # 31, p. 4).

On June 25, 2012, plaintiff responded by filing this complaint and State Farm timely removed to this court on August 27, 2012. (Doc. # 1). During discovery, plaintiff provided a medical authorization, for the first time, in response to State Farm's request for production of documents. (Doc. # 31, p. 5).

In her complaint, plaintiff alleges a breach of contract claim based on State Farm's refusal to pay her UIM claim. Plaintiff alleges that payment was due because her damages exceeded the $75,000 applicable offsets, totaling over $100,000. Plaintiff also seeks punitive damages. (Doc. # 26).

## II.   Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings,

James C. Mahan
U.S. District Judge

- 2 -

1 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,
2 show that "there is no genuine issue as to any material fact and that the movant is entitled to a
3 judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to
4 isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24
5 (1986).

6 In determining summary judgment, a court applies a burden-shifting analysis. "When the
7 party moving for summary judgment would bear the burden of proof at trial, it must come forward
8 with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.
9 In such a case, the moving party has the initial burden of establishing the absence of a genuine issue
10 of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213
11 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

12 In contrast, when the nonmoving party bears the burden of proving the claim or defense, the
13 moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential
14 element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to
15 make a showing sufficient to establish an element essential to that party's case on which that party
16 will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails
17 to meet its initial burden, summary judgment must be denied and the court need not consider the
18 nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

19 If the moving party satisfies its initial burden, the burden then shifts to the opposing party
20 to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith
21 Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing
22 party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
23 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions
24 of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th
25 Cir. 1987).

26 In other words, the nonmoving party cannot avoid summary judgment by relying solely on
27 conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045

28

**James C. Mahan**
**U.S. District Judge**

1  (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the
2  pleadings and set forth specific facts by producing competent evidence that shows a genuine issue
3  for trial. *See Celotex Corp.*, 477 U.S. at 324.
4       At summary judgment, a court's function is not to weigh the evidence and determine the
5  truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*,
6  477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable
7  inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is
8  merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at
9  249–50.

10  **III.  Discussion**

11       "When facts are not in dispute," such as in this case, "contract interpretation is a question of
12  law." *Fed. Ins. Co. v. American Hardware Mut. Ins. Co.*, 124 Nev. 319, 322 184 P.3d 390, 392 (Nev.
13  2008). "An insurance policy is a contract." *Senteney v. Fire Ins. Exch.*, 101 Nev. 654, 656, 707 P.2d
14  1149, 1150 (Nev. 1988). A court "should not rewrite contract provisions that are otherwise
15  unambiguous." *Id.*; *Ellison v. California State Auto. Ass'n*, 106 Nev. 601, 604, 797 P.2d 975, 977
16  (Nev. 1990) ("[C]ontracts will be construed from the written language and enforced as written.").
17  In Nevada, contractual construction is a question of law and "suitable for determination by summary
18  judgment." *Ellison*, 106 Nev. at 603. "Policy terms should be viewed in their plain, ordinary and
19  popular connotations." *American Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 102 Nev. 601, 604,
20  729 P.2d 1352, 1354 (Nev. 1986).

21       In the instant motion, State Farm seeks summary judgment based on plaintiff's failure to
22  satisfy all of the requisite terms of the policy, which precludes her from bringing the instant action.
23  (Doc. # 26). Two provisions in the policy are at issue. The court will address each in turn.

24       A.  "Cooperation"

25       To recover benefits under the UIM coverage, the policy requires plaintiff to cooperate with
26  State Farm's investigation and to satisfy other duties. The policy states in relevant part:

27       The insured must cooperate with us and, when asked, assist us in. . .
     securing and giving evidence. . .
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

> A person making a claim under . . . uninsured motor vehicle coverage . . . *must*: (1) notify us of the claim and give us all the details about the death, injury treatment, and other information that we may need as soon as reasonably possible after the injured insured is first examined or treated for the injury. . . (3) *provide written authorization* for us to obtain medical bills; medical records; wage, salary, and employment information; and any other information we deem necessary to substantiate the claim.
>
> If the holder of the information refuses to provide it to [State Farm] *despite the authorization*, then at [State Farm]'s request the person making the claim or his or her legal representative must obtain the information and promptly provide it to [State Farm]. . ..

(Doc. # 26, Exhibit B(2), State Farm policy at p. 17-18) (emphasis added).

"When an insurance policy explicitly makes compliance with a term in the policy a condition precedent to coverage, the insured has the burden of establishing that [he or she] complied with that term." *Las Vegas Metro. Police Dep't. v. Coregis Ins. Co.*, 256 P.3d 958, 962 (Nev. 2011); *Schwartz v. State Farm Mut. Auto. Ins. Co.*, no. 2:07-cv-00060-KJD-LRL, 2009 WL 2197370, at *7 (D. Nev. July 23, 2009) ("Nevada law clearly enforces coverage conditions . . . .").

The terms clearly and unambiguously state that in order to recover, plaintiff must provide written authorization for State Farm to obtain medical bills, records, and any other necessary information. In instances where an information holder denies State Farm's authorized request, a plaintiff is required to provide the requested information.

Despite plaintiff's unpersuasive assertions to the contrary, she did not comply with the terms of the policy. The fact that State Farm failed to specify what information it needed in its responses following plaintiff's demand letter is irrelevant and did not negate her obligations under the policy. Plaintiff argues that, by providing the medical documents related to her UIM claim, she satisfied the terms of the policy. However, plaintiff's argument relies on her compliance to a term inapplicable to her, which applies to claimants who have provided the requisite authorization.

Plaintiff agreed to these terms upon signing the contract with State Farm. State Farm sent two letters requesting a medical authorization. Instead of providing the requisite authorization, plaintiff brought the instant action. Moreover, plaintiff admits she received the request for medical authorization and does not deny that she failed to provide it.

James C. Mahan
U.S. District Judge

- 5 -

Accordingly, the court finds that plaintiff failed to show any genuine issue of material fact as to her failure to satisfy the terms of the "cooperate" provision prior to bringing the instant action.

B.   *"Legal Action Against Us" provision*

The policy also precludes an insured from bringing legal action or demanding arbitration until the insured has fully complied with any obligations under the contract. The provision states in relevant part:

> Legal action may not be brought against, nor may arbitration be demanded of, us until there has been full compliance with all the provisions of this policy.

(Doc. # 26, Exhibit B(2), p. 21).

Under Nevada law, if an insurance contract plainly states that an insured may not bring a lawsuit against an insurance provider until all terms of the contract are satisfied, then, simply, an insured may not bring a lawsuit against his or her insurance provider until he or she satisfies any conditions of coverage. *See Las Vegas Star Taxi, Inc. v. St. Paul Fire & Marine Ins. Co.*, 102 Nev. 11, 12, 714 P.2d 562, 562-63 (Nev. 1986) ("Indeed, the policy not only specifies that notice is a condition of coverage, it also provides that no legal action may be brought against the insurer unless the insured has complied with the contract terms. The policy is unambiguous in this regard."); *Schwartz*, 2009 WL 2197370, at *8 ("Plaintiff's unjustified refusal to submit the reasonable request for an [independent medical evaluation], coupled by an immediate filing of a lawsuit, therefore, precludes her from recovery under the policy.").

The "legal action against us" provision clearly and unambiguously states that plaintiff is precluded from bringing legal action against State Farm until "there has been full compliance with all the provisions of this policy," which includes the "cooperate" provision. Plaintiff was not in full compliance with the policy because she had not provided the requisite authorization prior to bringing this action.

Moreover, despite the fact that plaintiff subsequently provided the medical authorization during discovery, her failure to submit the authorization prior to bringing this action still qualifies as a violation under the "legal action against us" provision.

James C. Mahan
U.S. District Judge

- 6 -

Accordingly, the court finds that plaintiff is barred by the "legal action against us" provision from bringing the instant action. Because plaintiff has failed to present a triable issue of fact, defendant State Farm's motion for summary judgment will be granted.

C. *Nevada's UM Statutory Scheme*

"NRS 687B.145(2) and 690B.020 comprise Nevada's UM statutory scheme and are incorporated into all applicable Nevada auto insurance policies." *Fackett*, 125 Nev. at 138. "Any auto insurance policy or provision that contravenes this statutory scheme is void and unenforceable." *Id*. at 139. "The purpose of the UM statutory scheme is to mitigate losses sustained by no-fault insureds who sustain injuries in a collision with an underinsured or uninsured driver through first-party benefits." *Id*.

In the alternative, plaintiff argues that NRS 690B.042 is a part of Nevada's UM statutory scheme and controls over the policy because the policy is not in sync with the statutory provision. Plaintiff's assertion is based entirely on *Fackett*, a case which did not address statutory provisions in general or NRS 690B.042 in particular. Specifically, *Fackett* addressed NRS 687B.145(2) and 690B.020, which do not apply here. Therefore, plaintiff's alternative argument is unpersuasive.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant State Farm's motion for summary judgment (doc. # 26) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant shall submit a proposed judgment within seven (7) days of the issuance of this order.

DATED June 6, 2014.

_____
UNITED STATES DISTRICT JUDGE